# UNITED STATES DISTRICT COURT
## District of New Jersey

UNITED STATES OF AMERICA

v.

GUY E. URCIUOLI

Defendant.

Case Number    Cr. 07- 637-01 (PGS)

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, GUY E. URCIUOLI, was represented by David Feingold, Esq..

The defendant was found guilty on count(s) 1,2,3,4,5 & 6 by a jury verdict on 1/18/08 after a plea of not guilty. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 18 USC 1343 | Wire Fraud | April 2003 through in or around March 2005 | 1,2,3,4,5 |
| 18 USC 1512 © (2) | Obstruction of Justice | April 18, 2005 | 6 |

As pronounced on May 13, 2008, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $600.00, for count(s) 1,2,3,4,5 & ,6 which shall be due immediately. Said special assessment shall be made payable to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the __16th__ day of May, 2008.

_____
PETER G. SHERIDAN
United States District Judge

Judgment – Page 2 of 5

Defendant: GUY E. URCIUOLI
Case Number: Cr. 07-637-01 (PGS)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 108 Months on each of Counts One through Six, to be served concurrently.

The defendant must be evaluated for drugs and alcohol abuse; and examined with regard to any psychiatric issue.

The Court makes the following recommendations to the Bureau of Prisons: An institution close to the defendants' home.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____

Defendant delivered on _____ To _____
At _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

Judgment – Page 3 of 5

Defendant: GUY E. URCIUOLI
Case Number: Cr. 07-637-01 (PGS)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 3 years on each of Counts One through Five, and a term of 2 years on Count Six, all such terms to run concurrently.

Within 72 hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the Probation Office in the district to which the defendant is released.

While on supervised release, the defendant shall comply with the standard conditions that have been adopted by this court (on the next page).

The defendant shall submit to one drug test within 15 days of commencement of supervised release and at least two tests thereafter as determined by the probation officer.

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remains unpaid at the commencement of the term of supervised release and shall comply with the following special conditions:

The defendant shall refrain from the use of alcohol and shall submit to testing to ensure compliance. It is further ordered that the defendant submit to evaluation and treatment as directed by the U.S. Probation Office. The defendant shall abide by the rules of any program and remain in treatment until satisfactorily discharged with the approval of the U.S. Probation Office.

The defendant shall refrain from the illegal possession and/or use of drugs and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that the defendant shall submit to drug treatment, on an outpatient or inpatient basis, as directed by the U.S. Probation Office. The defendant shall abide by the rules of any program and shall remain in treatment until satisfactorily discharged with the approval of the U.S. Probation Office.

The defendant shall provide the U.S. Probation Office with full disclosure of his financial records to include yearly income tax returns upon the request of the U.S. Probation Office. The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income.

The defendant shall participate in a mental health program for evaluation and/or treatment as directed by the U.S. Probation Office. The defendant shall remain in treatment until satisfactorily discharged and with the approval of the U.S. Probation Office.

The defendant is prohibited from incurring any new credit charges or opening additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with a payment schedule for any restitution obligation. The defendant shall not encumber or liquidate interest in any assets unless it is in direct service of the restitution obligation or otherwise has the express approval of the Court.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

Defendant:      GUY E. URCIUOLI
Case Number:    Cr. 07-637-01 (PGS)

## STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not illegally possess a controlled substance.

3) If convicted of a felony offense, the defendant shall not possess a firearm or destructive device.

4) The defendant shall not leave the judicial district without the permission of the court or probation officer.

5) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

6) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

7) The defendant shall support his or her dependents and meet other family responsibilities.

8) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

9) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.

10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.

11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

13) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

14) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

15) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

---

*For Official Use Only - - - U.S. Probation Office*

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed) _____  _____
                                Defendant                    Date

                    _____  _____
                    U.S. Probation Officer/Designated Witness  Date

Judgment – Page 5 of 5

Defendant:     GUY E. URCIUOLI
Case Number:   Cr. 07-637-01 (PGS)

## RESTITUTION AND FORFEITURE

### RESTITUTION

The defendant shall make restitution to the following persons in the following amounts:

**Name of Payee (Victim)**                                           **Amount of Restitution**

(See Attached Sheets)

Payments of restitution are to be made payable to **U.S. Treasury** and mailed to Clerk, U.S.D.C., 402 East State Street, Rm 2020, Trenton, New Jersey 08608 for distribution to the victim(s).

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

It is further ordered that the defendant shall make restitution in the total amount of $4,162,463 Payments should be made payable to the U.S. Treasury and forwarded to the Clerk of the Court in Trenton, New Jersey, for proportionate distribution to the following victims in the following amounts:

| No. | Victim | Loss Amount |
| --- | --- | --- |
| 1 | J.A. | 482,315.00 |
| 2 | R.A. | 12,500.00 |
| 3 | H.B. | 137,000.00 |
| 4 | R.B. | 50,000.00 |
| 5 | D.C. | 165,000.00 |
| 6 | M.C. | 774,397.00 |
| 7 | J.C. | 25,000.00 |
| 8 | J.D. | 94,333.00 |
| 9 | J.F. | 99,529.00 |
| 10 | M.F. | 33,333.00 |
| 11 | R.F. | 25,000.00 |
| 12 | S.G. | 217,721.00 |
| 13 | A.H. | 125,000.00 |
| 14 | C.I. | 50,000.00 |
| 15 | P.K. | 160,000.00 |
| 16 | N.L. | 113,379.00 |
| 17 | B.L. | 33,042.00 |
| 18 | E.L. | 25,000.00 |
| 19 | W.M. | 50,000.00 |
| 20 | T.M. | 96,497.00 |
| 21 | R.M. | 108,755.00 |
| 22 | L.N. | 100,000.00 |
| 23 | N.N. | 526,667.00 |
| 24 | L.R. | 350,000.00 |

| 25 | S.S. | 50,000.00 |
| 26 | K.S. | 25,000.00 |
| 27 | J.T. | 137,995.00 |
| 28 | D.W. | 70,000.00 |
| 29 | P.W. | 25,000.00 |
|    |      | **$4,162,463.00** |

The amounts ordered represent the total amounts due to the victims for these losses. The defendant's restitution obligations shall not be affected by any restitution payments made by other defendants in this case, except that no further payments shall be required after the sums of the amounts actually paid by all defendants has fully satisfied these losses. The following defendant(s) in the following case(s) may be subject to restitution orders to the same victims for these same losses:

Robert N. Henches                Cr. No. 06-00927-001

Kevin Holt                       Cr. No. 06-00926-001

The restitution is due immediately. It is recommended that the defendant participate in the Bureau of Prisons Inmate Financial Responsibility Program (IFRP). If the defendant participates in the IFRP, the restitution shall be paid from those funds at a rate equivalent to $25 every 3 months. In the event the entire restitution is not paid prior to the commencement of supervision, the defendant shall satisfy the amount due in monthly installments of no less than $250, to commence 30 days after release from confinement.